UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No. 13-CV-0291 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| CAROL M. BRINKMAN, RANDY S. BRINKMAN, JOHN DOE, MARY ROE, ABC CORPORATION, and PRINCE SONG CAMBILARGIU, | |
| Defendants. | |

Defendants Carol and Randy Brinkman and Prince Song Cambilargiu filed a notice of removal of this eviction proceeding, alleging that removal is proper on the basis of diversity jurisdiction. ECF No. 1. The Brinkmans allege, however, that they are residents and citizens of Minnesota. *Id.* Because it appeared to the Court that removal was improper under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), the Court ordered defendants to show cause why this case should not be remanded. ECF No. 4; *see Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (forum-defendant rule is a jurisdictional defect that may not be waived).

Defendants filed a response arguing that (1) there is complete diversity between the parties; (2) the amount in controversy exceeds $75,000; and (3) there is federal-question jurisdiction because the case involves interstate commerce, defendants may have some defenses arising under federal law, and plaintiff is a bank.

Defendants' first two arguments have nothing to do with the issue before the Court. Even if there is complete diversity and the jurisdictional amount in controversy is met, the forum-

defendant rule nevertheless prohibits removal jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As noted, the Brinkmans allege that they are citizens of Minnesota, and so the forum-defendant rule bars removal.

As for defendants' argument that there is federal-question jurisdiction, the short answer is that, under the well-pleaded-complaint rule, "a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012). The fact that federal law may provide a defense does not create federal jurisdiction. *Id.* Likewise, federal-question jurisdiction cannot be premised on an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009). And no federal statute gives this Court jurisdiction over every case brought by a bank or every case involving interstate commerce. The complaint in this case makes clear that this is a garden-variety eviction proceeding arising solely under state law, and accordingly there is no federal-question jurisdiction.

Defendants' removal petition — and their arguments against remand — are frivolous. Defendants are warned that any further attempt to remove this case to federal court will likely result in sanctions being assessed against defendants.

Finally, defendants have filed a motion to consolidate this action with another action currently pending in this District. ECF No. 5. Because the Court lacks jurisdiction, however, it must remand this case to state court. Defendants' motion to consolidate is therefore denied for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to consolidate [ECF No. 5] is DENIED for lack of jurisdiction.

2. This action is REMANDED to the Minnesota District Court, Fourth Judicial District.

Dated: February 14, 2013     s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge